**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4615**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHOLA RISIKAT BALOGUN,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:12-cr-00628-PJM-1)

Submitted: February 25, 2015          Decided: March 3, 2015

Before NIEMEYER, KING, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Cornish F. Hitchcock, HITCHCOCK LAW FIRM PLLC, Washington, D.C., for Appellant. Sujit Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shola Risikat Balogun pled guilty to conspiracy to commit wire fraud in violation 18 U.S.C. § 1349 (2012) and was sentenced to thirty-seven months of imprisonment. On appeal her attorney has filed a brief pursuant to pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court imposed an unreasonable sentence by not downwardly departing in recognition of Balogun's substantial assistance and by failing to give sufficient weight to the 18 U.S.C. § 3553(a) (2012) factors. The Government has filed a motion to dismiss. For the reasons that follow, we dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of her right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived her right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir.

2005). Our review of the record leads us to conclude that Balogun knowingly and voluntarily waived the right to appeal her sentence, except for circumstances not present in this appeal, and the court conducted the plea colloquy in compliance with Rule 11. We therefore grant the Government's motion to dismiss the appeal of Balogun's sentence.

Balogun's waiver does not preclude our consideration of her conviction. As noted above, Balogun's plea hearing complied with Rule 11 and therefore we discern no plain error in the district court's acceptance of her plea. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (noting plain error review standard when a defendant did not move in the district court to withdraw guilty plea); United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues not foreclosed by Balogun's appellate waiver. We therefore affirm Balogun's conviction. This court requires that counsel inform Balogun, in writing, of the right to petition the Supreme Court of the United States for further review. If Balogun requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Balogun.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART